**Rexhe BUQANI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–6479–ag.**

United States Court of Appeals, Second Circuit.

Aug. 23, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Rexhe Buqani, pro se, Stamford CT, for Petitioner.

Present: GUIDO CALABRESI, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Rexhe Buqani, a citizen of the Former Republic of Yugoslavia, seeks review of a March 12, 2004 order of the BIA affirming the October 22, 2003 decision of Immigration Judge ("IJ") Michael W. Straus denying the petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Rexhail Buqani,* No. A 77 633 601 (BIA Mar. 12, 2004), *aff'g* No.

A 77 633 601 (Immig. Ct. Hartford October 22, 2003).

Buqani does not challenge the agency's finding that he is an aggravated felon in his brief to this Court and therefore has waived any challenge to the BIA's conclusion that his felon status disqualifies him from asylum relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

With respect to his withholding of removal claim, Buqani claims that Kosovo is still a country in crisis, with many instances of killing and torture, in spite of the presence of the UN forces. He states that he fears being killed or tortured by Serbs, who may want to seek revenge. The IJ determined that, even if Buqani established past persecution based on the actions of the Serbian government, there has been a fundamental change of circumstances in Kosovo. The BIA and IJ noted that the Serbian forces are no longer in Kosovo and NATO forces are in control in the region. Evidence in the record supports the IJ's and BIA's findings that Serbian forces were expelled from Kosovo in 1999 by NATO and that the UN currently controls the government in Kosovo. The IJ and BIA reasonably determined that there has been a fundamental change of circumstances in Kosovo so that Buqani no longer has a future fear of persecution by the Serbs under the "clear probability standard" of withholding of removal.

Buqani also testified that he may be harmed by Serbs or possibly criminals who want to harm him because he was in the Kosovo Liberation Army ("KLA"). The IJ determined that, while there might have been some high profile killings of prominent leaders in the Democratic League of Kosovo, there is no evidence that somebody similarly situated to Buqani would have a clear probability of future persecution or torture. The IJ further noted that there is no evidence that someone who happened to serve in the KLA would be subject to a clear probability of persecution or torture. The BIA agreed with the IJ's findings, stating that Buqani did not establish a risk of harm due to his religion, ethnicity, or his former membership in the KLA. The BIA's and IJ's determinations, that Buqani did not meet his burden of proof for withholding of removal or CAT, is supported by substantial evidence in the record.

Buqani argues further that the Department of Homeland Security has not been able to acquire travel documents for him. He claims that the IJ ordered him deported to Kosovo, Macedonia, or Yugoslavia, but that none of those countries will accept him. Buqani also claims that removing him from the United States is a violation of the Convention Relating to the Status of Stateless Persons, the Universal Declaration of Human Rights, and the 1951 Convention and the 1967 Protocol relating to the Status of Refugees. A petitioner must raise issues to the agency in order to preserve them for judicial review. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1). In his appeal to the BIA, Buqani failed to make any of the above arguments. Consequently, and because it does not appear that manifest injustice would result from this Court's failure to consider the claims, this Court will not review these issues. *See Ivanishvili*, 433 F.3d at 343.

For the foregoing reasons, the petition for review is DENIED. The government's motion for a one month enlargement of time to file a brief is denied as moot.